The United States District Court For The
Western District of Louisiana
Monroe Division

| Marcus Gafford | § | |
| --- | --- | --- |
| | § | |
| vs. | § | C.A. No. |
| | § | |
| The Kansas City Southern Railway Company | § | Jury Trial Demanded |
| | § | |

**Complaint**

To The Honorable Judge of Said Court:

Comes Now Marcus Gafford, complaining of The Kansas City Southern Railway Company (herein after referred to as "KCSR") for cause of action would show unto this Honorable Court as follows:

**Parties**

1. Plaintiff, Marcus Gafford, is a railroad worker and a resident and citizen of the State of Louisiana.

2. Defendant KCSR is a foreign corporation which resides in and is subject to personal jurisdiction in the Western District of Louisiana in that it has regular and systematic contact with this District. Service of process may be had upon Defendant KCSR by serving its registered agent. Service of process may be had upon Defendant KCSR by serving Defendant KCSR's registered agent: C. T. Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

3. At all times mentioned in this complaint, Defendant KCSR was a common carrier by railroad engaged in interstate commerce through and between the several states. At all relevant times, Mr. Gafford was employed by Defendant KCSR to further those activities.

**Venue and Jurisdiction**

4.      Plaintiff's rights and remedies against Defendant KCSR arise under the Federal Employers' Liability Act, 45 U.S.C.§51 *et seq.*, this court has jurisdiction in this case pursuant to Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*.

5.      Venue and jurisdiction is also proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b)(1-2) in that this cause of action arose in the Western District of Louisiana, Monroe Division, and Defendant resides in the Western District of Louisiana and has regular and systematic contacts with this District and Division.

**FELA Cause of Action**

6.      On or about July 12, 2017, Mr. Gafford was working for KCSR when he suffered severe and debilitating injuries. While attempting to get off a railcar, a defective handhold/grab iron which Mr. Gafford was required to hold on to was not securely fastened causing Mr. Gafford to fall several feet to the ground. Mr. Gafford suffered severe injuries to his neck, shoulder, arm, back, hip and other parts of his body.

7.      The injury to Plaintiff was due in whole or in part to the negligence of Defendant KCSR, its agents, servants or employees acting in the course and scope of their employment. Defendant KCSR had a duty to provide Plaintiff with a safe place to work. Defendant KCSR breached this duty causing Plaintiff's injuries. Specifically, but without limitation, Defendant KCSR failed to inspect, maintain and repair; failed to provide Mr. Gafford with a safe place to work; failed to train, instruct and supervise; failed to warn; failed to provide safe and suitable tools, appliances and equipment; failed to establish, follow and enforce proper safety rules and procedures; and failed to comply with applicable rules, regulations, codes and industry standards. KCSR knew or should

have known of the defect at issue as well as its failure to provide a safe place to work and other acts of negligence as set out above.

### Defendant KCSR's Violations of Federal Railroad Statutes and Regulations

8.     The injuries to Mr. Gafford were due in whole or in part, to KCSR's violation of federal safety statutes and regulations including, but not limited to, the Safety Appliance Act and Federal Railroad Safety Act.  More specifically, KCSR violated 49 U.S.C. 20301, *et seq*., 49 C.F.R. 215 and 49 C.F.R. 231.  KCSR's statutory, regulatory and GCOR violations amount to negligence as a matter of law and caused the injuries and damages discussed herein. 45 U.S.C. § 53-54a.  Thus, Defendant KCSR is guilty of negligence *per se.*

### Damages

9.     As a legal result of Defendant's negligence and wrongdoing, Mr. Gafford has suffered serious injuries and impairment to his body.  These injuries have had a serious effect on Mr. Gafford's health and well being.

10.    Because of the nature and consequences of his injuries, Mr. Gafford has suffered great physical and mental pain, suffering and anguish, and disfigurement in the past and future.

11.    At the time of the incident complained of, Mr. Gafford was gainfully employed.  Mr. Gafford has lost wages and benefits in the past and will have a loss of future earning capacity.

12.    As a further result thereof, Mr. Gafford has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing service in the past and future.  These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of above.  The charges for the said expenses were reasonable and they were the customary charges made for such services in the area

in which they were rendered.

13. As a further result of the injuries sustained by Mr. Gafford, he will, within reasonable medical probability, incur future expenses for his medical care and attention.

14. As a result of the incidents complained of herein, Mr. Gafford has suffered in the past and, within reasonable medical probability, will continue to suffer in the future from physical impairment and disfigurement past and future.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Mr. Gafford requests that Defendant be summoned to appear and answer, and that upon final trial, judgment be rendered against Defendant, in excess of SEVENTY-FIVE THOUSAND AND NO/100THS DOLLARS ($75,000.00), exclusive of interest and costs, prejudgement interest, plus post-judgment interest at the legal rate from Defendant, and for all costs of court. Mr. Gafford would further pray for any such other relief, both at law and in equity, to which he may show himself justly entitled.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted,

Bristol Baxley
LASB: 30199
Rome, Arata & Baxley, L.L.C.
9307 Broadway, Ste. 309
Pearland, Texas 77584
281-993-0000
281-993-0035 Fax

ATTORNEY FOR PLAINTIFF